IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEYWUAN MELVIN,

        Plaintiff,

v.

CORRECTIONAL OFFICER STEBER,

        Defendant.

Case No. 3:26-cv-00226-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Keywuan Melvin, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F. 3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT[1]

Plaintiff alleges that on December 10, 2025, while at Lawrence Correctional Center, Correctional Officer Steber woke, shackled, and cuffed Plaintiff to bring him to a group session. (Doc. 1, p. 7). After leaving his cell, Steber brought Plaintiff to the shower stalls, where Plaintiff asked why he was being prevented from attending the group session. Steber responded that he would conduct a strip search, and Plaintiff expressed discomfort, as Steber had previously searched him on December 5, 2025. (*Id*, p. 8). He questioned why the strip search was occurring, to which Steber responded that he enjoyed strip searching and told him to start stripping so as not to waste his time. (*Id.*). Plaintiff complied with Steber's demands out of fear of being pepper-sprayed or facing disciplinary punishment. (*Id.*).

Plaintiff then alleges that while undressed, other inmates were able to see him and yelled comments such as, "Oh, look, it's him again." (Doc. 1, p. 8). He informed Steber that others could see him, and Steber responded that they should continue the search. (*Id.*). The strip search, alongside a visual body cavity search, was conducted, where the Plaintiff was made to stick his tongue out, separate his genitals, and spread his buttocks. (*Id.*). Plaintiff claims that Correctional Officer Steber "had no reason" to require him to participate in a strip search or visual body cavity search, and expresses emotional distress, feeling that Steber sexually harassed him, and that he

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarass,* 886 F.3d 639, 644 (7th Cir. 2018).

fears for his life and of being raped by Steber. (*Id.* at p. 9). He seeks monetary damages and injunctive relief. (*Id.* at p. 10).

## DISCUSSION

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following counts:

> **Count 1:** Eighth Amendment claim against Steber for subjecting Plaintiff to unconstitutional strip searches on December 5, 2025, and December 10, 2025.

> **Count 2:** Fourth Amendment claim against Steber for subjecting Plaintiff to unconstitutional strip searches on December 5, 2025, and December 10, 2025.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

### Count 1

A strip search of a prisoner violates the Eighth Amendment under §1983 if it was "conducted in a harassing manner intended to humiliate and cause psychological pain." *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009). Plaintiff claims that Correctional Officer Steber "had no reason" to require him to participate in a strip search or visual body cavity search on December 5 and 10, 2025. (Doc. 1, p. 9). Additionally, Plaintiff's Complaint indicates that the searches conducted by Steber

---

[2]*See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

were intended to harass him and caused emotional distress. Therefore, Count 1 survives preliminary review under Section 1915A.

## Count 2

Regarding Count 2, "the Fourth Amendment protects a right to bodily privacy for convicted prisoners, albeit in a significantly limited way, including during visual inspections." *Henry v. Hulett*, 969 F.3d 769, 774 (7th Cir. 2020). Therefore, liberally construed, Plaintiff has stated a claim for a violation of the Fourth Amendment's right to bodily privacy for the unreasonable strip searches that Correctional Officer Steber conducted. *See id*. at 779. Thus, Count 2 survives review under Section 1915A.

## INJUNCTIVE RELIEF

Because the Complaint includes a request for injunctive relief, the current warden of Lawrence Correctional Center, Jeremiah Brown, in his official capacity, will be added to the docket regarding the request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

## DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Steber. **COUNT 2** will proceed against Steber. The Clerk of Court is **DIRECTED** to **ADD** the warden of Lawrence Correctional Center, Jeremiah Brown, in his official capacity, to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk of the Court shall prepare for Steber and Brown (official capacity only) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of

a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendant's place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2(b), Defendants only need to respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in the action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED: June 29, 2026**

                                             _____
                                             **STEPHEN P. MCGLYNN**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.